IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------- :
JAMES RUFO                            : CASE NO. 1:06 CV 0163
                                      :
                         Plaintiff    :
                                      :
                                      :
         -vs-                         : ORDER ADOPTING REPORT AND
                                      : RECOMMENDATION AND AFFIRMING
                                      : THE COMMISSIONER'S DECISION IN
MICHAEL J. ASTRUE,                    : DENYING BENEFITS
COMMISSIONER OF SOCIAL                :
SECURITY ADMINISTRATION,              :
                                      :
                         Defendant    :
                                      :
------------------------------------------------------- 

UNITED STATES DISTRICT JUDGE LESLEY WELLS

This case is before the Court, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), for judicial review of the decision of defendant Michael J. Astrue, Commissioner of the Social Security Administration ("Commissioner"), to deny plaintiff James Rufo's claim for a Period of Disability ("POD") and Disability Insurance Benefits (DIB") under Title II & XVI of the Social Security Act, 42 U.S.C. §§ 416(i), 423, 1381, *et seq.* (Doc 1).

The Court automatically referred this matter to United States Magistrate Judge Nancy A. Vecchiarelli for a report and recommendation ("R&R"). (Doc. 5). In her R&R Magistrate Judge Vecchiarelli recommended the Court affirm the Commissioner's decision and dismiss Mr. Rufo's complaint. (Doc. 16). Mr. Rufo filed a timely objection to the R&R, (Doc. 18), to which the Commissioner filed a reply. (Doc. 19).

**Law and Analysis**

The Court will not disturb the Commissioner's factual determinations "if supported by substantial evidence."  42 U.S.C. § 405(g).  Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (citing Consolidated Edison Co. v. NLRB, 305 U.S. 197 (1938)).  In resolving this issue, the question is not whether this Court agrees with the Commissioner's decision, or whether substantial evidence would support a contrary conclusion, but whether the Commissioner's decision has a rational foundation in the record.  Muller v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986).

Under Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636(b)(1)(C), the Court reviews de novo the portion of the Magistrate Judge's report and recommendation to which specific objection was made.  For the reasons which follow, the Court will adopt Magistrate Judge Vecchiarelli's report and recommendation and affirm the Commissioner's decision.

The Magistrate Judge submitted a thorough R&R addressing Mr. Rufo's disability claim under the Act.  Mr. Rufo's claim emerges as the result of a back strain and possible herniated disc and lubosacral sprain.  (Tr. 128, 154).  After reviewing the personal, vocational and medical evidence, and considering the hearing, medical expert and vocational expert testimony, the R&R advises Mr. Rufo is not entitled to Disability Insurance Benefits under the Act.  (Doc. 16 pp 2-10).

Pursuant to the substantial evidence standard, see, e.g. Foster v. Halter, 279 F. 3d 348, 353 (6th Cir. 2001), the R&R found that Mr. Rufo's arguments in support of his claim failed because they did not demonstrate that the Administrative Law Judge's

2

("ALJ") conclusions lacked substantial evidence in the record. (Doc. 16 pp. 12-13). Instead, Mr. Rufo endeavored to show only that the record evidence supported his claim, not that there was an absence of the necessary evidence on behalf of the ALJ's determinations. As the R&R properly observed, the Sixth Circuit has long held to the standard in social security claims cases that substantial evidence on behalf of the claimant cannot surmount the Commissioner's decision when there exists substantial evidence for the ALJ's conclusions. See Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983); Key v. Callahan, 109 F. 3d 270, 273 (6th Cir. 1997).

Despite finding that Mr. Rufo failed to meet this threshold requirement, the R&R, nevertheless, (1) examined the plaintiff's pain and credibility arguments under the test laid out in Duncan v. Sec'y of Health & Human Servs., 801 F.2d 847, 853 (6th Cir. 1986), (2) reviewed the weight the ALJ afforded the opinions of Mr. Rufo's treating physicians and, (3) evaluated the application to the plaintiff of Social Security Rule 83-12, governing the question of whether an individual has Residual Functional Capacity ("RFC") when required to alternate between sitting and standing at will. (Doc. 16 pp. 13-19). In each instance the R&R reasonably determined, upon review of the record, that Mr. Rufo's assignments of error were not well taken.

Mr. Rufo raises three objections to the findings of the Magistrate Judge's R&R. The plaintiff, first, maintains the ALJ's decision failed to provide "good reasons" for giving one of his treating physicians' – Dr. James Ohliger's – opinions less than full weight. (Doc. 18 pp. 2-3). Second, Mr. Rufo proposes that the R&R misconstrued the ALJ's failure to properly analyze the plaintiff's pain severity claims. (Doc. 18 pp. 3-4). Finally, Mr. Rufo urges that because each physician construed his pain complaints as

3

valid he should have been designated disabled. (Doc. 18 pp. 4-5). Upon reviewing the record, and taking each of these objections in turn, the Court confirms the decision of the ALJ in finding Mr. Rufo not disabled.

First, Mr. Rufo objects to the ALJ's findings regarding Dr. Ohliger, one of the plaintiff's treating physicians, because the ALJ allegedly failed to give good reasons for not giving sufficient weight to the physician's opinion. Mr. Rufo's allegation does not bear the weight of scrutiny from the record. The ALJ's conclusion specifically based its rejection of Dr. Ohliger's opinion upon several grounds. (Tr. 17-19). First, Dr. Ohliger suggested severe limitations on the plaintiff's movement which directly contradicted the physician's finding of a marked improvement in Mr. Rufo's pain symptoms after a short period of treatment in June and July 2002. (Tr. 127, 154, 178, 242). Further, Dr. Ohliger's extreme limitations diagnosis stood in direct conflict with the determinations made by five other treating or examining physicians: Dr. Goren (Tr. 244); Dr. Kevin Rahn (Tr. 221); Dr. George Dakters (Tr. 139, 161); Dr. Gale Hazen (Tr. 160); and, Dr. W. Bingaman (Tr. 169). Upon this foundation, the ALJ reasonably gave short shrift to Dr. Ohliger's opinion that Mr. Rufo's functioning capacity was extremely restricted. See Cutlip v. Sec'y of Health and Human Serv's, 25 F.3d 284, 287 (6th Cir. 1994).

Second, Mr. Rufo maintains the R&R (Doc. 16 p. 15) overlooked his argument that "the doctors who examine or treated Plaintiff apparently had all deemed Plaintiff's pain complaints credible." (Doc. 18 p. 4). To the contrary, the R&R properly determined that the ALJ's opinion was founded on credibility determinations from a number of sources including: medical expert's opinions; Mr. Rufo's objective medical findings; the statements of treating physicians; and, Mr. Rufo's daily activities. (Tr. 17-19). The

4

record indicates Mr. Rufo's daily activities were manifold, including caring for two young children, taking care of his personal needs without assistance, fixing household meals, performing household chores, grocery shopping, and studying for and attending college full-time while performing well academically. (Tr. 92-6, 233-34). Pursuant to prior decisions in this Circuit, the ALJ could reasonably determine that the inconsistencies between Mr. Rufo's accounts of disabling pain, coupled with his ability to perform other significant tasks, undermined his credibility. See Heston v. Commissioner of Social Security, 245 F.3d 528, 536 (6th Cir. 2001); Buxton v. Halter, 246 F.3d 762, 775 (6th Cir. 2001).

Finally, Mr. Rufo contends that because none of the physicians examining the plaintiff "expressed doubt or disagreement about the severity of pain alleged" then the ALJ should have found him disabled by pain under the Act. (Doc. 18 p. 4). Here, Mr. Rufo's contentions not only gloss over the ALJ's determination, which gave significant weight to the plaintiff's pain assessments by limiting his functioning to sedentary work, but it also avoids the significant variations in the medical opinions on record. Orthopedic specialist and treating physician, Dr. Rahn, recommended no restrictions (Tr. 221), while medical expert, Dr. Goren, concluded that Mr. Rufo could perform light work. (Tr. 244). In view of the varied opinions in the record, the ALJ assessed Mr. Rufo's pain complaints and found his functioning restricted to sedentary work, a greater degree of restriction than that recommended by the plaintiff's treating orthopedic specialist, Dr. Rahn. (Tr. 221).

**Conclusion**

Upon review of the record, in light of Mr. Rufo's objections, and for the foregoing reasons, Magistrate Judge Vecchiarelli's Report and Recommendation (Doc. 16) is adopted.  The decision of Michael J. Astrue, Commissioner of Social Security, to deny James Rufo's claim for a Period of Disability and Disability Insurance Benefits under Title II and Title XVI of the Social Security Act, 42 U.S.C. §§ 416(j), 423, 1381, et seq., is affirmed.

IT IS SO ORDERED.

    /s/Lesley Wells
UNITED STATES DISTRICT JUDGE


Dated: 11 February 2008